**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**DEC 1 1 2006**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| TWYLA WARD, personal representative of the Estate of Clarence Kirschenman, | * * | CIV. 04-4203 |
| Plaintiff, | * * * | MEMORANDUM OPINION AND ORDER RE: SUMMARY JUDGMENT |
| v. | * * | |
| UNITED STATES OF AMERICA, | * * | |
| Defendant. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff brought this action under the Federal Tort Claims Act. In Count 1 of her complaint, Plaintiff, Twyla Ward, as personal representative of Clarence Kirschenman brought a Wrongful Death claim alleging that the Veterans Affair Medical Center in Sioux Falls, South Dakota, negligently failed to treat the lung and prostate cancers of Kirschenman in a timely manner and thereby caused Kirschenman's death. In Count 2 of her complaint, Plaintiff alleges Defendant was negligent in giving Kirschenman an overdose of insulin, causing Kirschenman to be in a critical situation, and resulting in extreme pain and suffering.

In March of 2006, Defendant United States moved for summary judgment contending that Plaintiff's failure to provide a medical expert report and failure to establish the causation element of her wrongful death action entitled Defendant to summary judgment. Doc.26. Plaintiff, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, requested a delay in deciding the summary judgment motion so she could pursue further discovery. Doc.32. This Court granted Plaintiff's motion for a delay in granting summary judgment and extended the time to disclose expert and file expert report. Doc. 40. On September 22, 2006, Defendant renewed its motion for summary judgment after Plaintiff did not disclose an expert or submit an expert report within the time frame of the extended deadline for doing so. Doc. 41. In the renewed motion Defendant refers to its earlier motion for summary judgment against Plaintiff for failure to provide medical expert testimony to support her claims.

In response to Defendant's renewed motion for summary judgment with regard to Plaintiff's cause of action for wrongful death, Plaintiff asserts that after consulting with an expert she has

determined that it is not worth the time or expense to pursue the matters contained in the wrongful death cause of action. Doc. 42. Summary judgment will thus be granted in favor of Defendant and against Plaintiff with regard to Count 1 of Plaintiff's Amended Complaint. Plaintiff resists summary judgment with regard to her second cause of action and contends that expert testimony is not required to sustain the negligence claim regarding the alleged overdose of insulin.

Summary Judgment Principles

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. *AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242 (1986).

Factual Background

In 2001, Clarence Kirschenman was a patient at the Veterans Affair Medical Center (V.A.) in Sioux Falls, South Dakota. Kirschenman had been diagnosed with non-small cell cancer in his lungs, as well as prostate cancer. In response to Plaintiff's allegation that Kirschenman was given an overdose of insulin while he was a patient at the V.A., Defendant states in its answer: "Defendant admits Paragraph 13 to the extent that on November 28, 2001, Mr. Kirschenman was a patient of the Veterans Affairs Medical Center when his required insulin dose was miscalculated, resulting in a low blood sugar."

Medical records from the V.A. disclose that on November 28, 2001, Kirschenman had been on a sliding scale insulin and when the sliding scale insulin did not control his blood sugar Kirschenman was given an insulin drip. The medical report states, "There was a clerical error, and he ended up getting at least 25 units of Regular inulin in two hours."

Kirschenman's stepson testified in his deposition that he visited Kirschenman after the

"clerical error." When the stepson went to Kirschenman's hospital room, he found that Kirschenman had been taken to intensive care. The step son found Kirschenman lying on a Gurney cart very upset, shaking, crying and "in bad shape." Kirschenman was scared and was asking his stepson why they were trying to kill him. Plaintiff and the stepson were told by V.A. employees that Kirschenman had been overdosed and were shown the medical record documenting the error. The stepson testified, "I just know he was supposed to get 2.2 or 2.5 and they gave him ten times that and that's what put him in the Intensive Care." Mr. Ron Porzio, the head of the Veterans Administration, later came to Kirschenman's hospital room, and admitted that an overdose had been given, and that the Veterans Administration was responsible. The stepson testified that Porzio said it was a mistake and that the "VA makes amends for its mistakes."

## WHETHER NEGLIGENCE IN THIS MEDICAL MALPRACTICE CASE MUST BE ESTABLISHED BY THE TESTIMONY OF A MEDICAL EXPERT RETAINED AND DISCLOSED BY PLAINTIFF?

Defendant contends that it is entitled to summary judgment based on the failure of Plaintiff to provide medical expert testimony to support her claim that the V.A. was negligent in giving Kirschenman an overdose of insulin. Defendant relies on the general rule which requires the testimony of medical experts to establish negligence in medical malpractice actions.

The South Dakota Supreme Court has stated:

> It is well-settled law in South Dakota that negligence in medical malpractice cases must be established by the testimony of medical experts unless the subject of the testimony is "within the common knowledge and comprehension of persons possessed of ordinary education, experience and opportunity." *Magbuhat v. Kovarik*, 382 N.W.2d 43, 46 (S.D.1986). *See Carlsen v. Javurek*, 526 F.2d 202, 207-08 (8th Cir.1975); *Appeal of Schramm*, 414 N.W.2d 31, 36 (S.D.1987); *Van Zee v. Sioux Valley Hospital*, 315 N.W.2d 489, 492 (S.D.1982); *Block v. McVay*, 80 S.D. 469, 474, 126 N.W.2d 808, 810 (1964) (overruled in part on other grounds in *Shamburger v. Behrens*, 380 N.W.2d 659 (S.D.1986)); *Hansen v. Isaak*, 70 S.D. 529, 533, 19 N.W.2d 521, 522-23 (1945); *Myrlie v. Hill*, 58 S.D. 330, 336-337, 236 N.W. 287, 290 (1931); *Kelley v. Hollingsworth*, 44 S.D. 23, 29, 181 N.W. 959, 961 (1921). The expert testimony requirement applies not only when establishing alleged deviations from the standard of care, it also applies when proving the essential element of causation. *Lohr v. Watson*, 68 S.D. 298, 2 N.W.2d 6 (1942). *See Podio v. American Colloid Co.*, 83 S.D. 528, 162 N.W.2d 385 (1968); *Howe v. Farmers Cooperative Creamery of Madison*, 81 S.D. 207, 132 N.W.2d 844 (1965); *Campbell v. City of*

*Chamberlain*, 78 S.D. 245, 100 N.W.2d 707 (1960); Annot., 13 A.L.R.2d 11, 31 (1950); 61 Am.Jur.2d, Physicians and Surgeons § 348 (1981).

*Koeniguer v. Eckrich*, 422 N.W.2d 600, 606 (S.D.1988). The South Dakota Supreme Court recognizes, however, that there are "some medical and surgical errors on which any layman is competent to pass judgment and conclude from common experience that such things do not happen if there has been proper skill and care." *Van Zee v. Sioux Valley Hosp.*, 315 N.W.2d 489, 492 (S.D. 1982).

Defendant's answer, the medical records, Plaintiff's affidavit and the stepson's deposition transcript provide evidence of an admission of negligence sufficient to avoid summary judgment on Count 2 of the Amended Complaint. As this Court has stated in the Fourth Amended Rule 16 Scheduling Order (Doc. 45), no expert testimony is required to avoid summary judgment on Count 2. Accordingly,

## IT IS ORDERED:

(1) that Defendant's motions for summary judgment (Doc. 26, 41) are granted with regard to Count 1 of Plaintiff's Amended Complaint; and

(2) that Defendant's motions for summary judgment (Doc. 26, 41) are denied with regard to Count 2 of Plaintiff's Amended Complaint

Dated this 11th day of December, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
(SEAL)   DEPUTY